# THE ATTORNEY GENERAL
## OF TEXAS
GROVER SELLERS                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL



Honorable Vera V. Fogg
County Attorney
Hardeman County
Quanah, Texas

Dear Madam:

                              Opinion No. O-6852
                              Re:  Effective date of the in-
                              crease in the school tax rate
                              as authorized under House Bill
                              800, 49th Legislature.

        Your letter of September 25, 1945, requesting an opinion from
this department, reads as follows:

        "At the request of the local tax assessor-
collector, I am submitting the following questions
for your ruling:

        "When may the raise in school tax become ef-
fective, after it has been authorized by vote as
set out in House Bill No. 800, passed by the 49th
Legislature?

        "As you of course know, all tax rolls are now
prepared and collection of taxes on them will begin
October 1.  It occurs to me that it would not be
possible to assess and collect an additional tax for
the current year, but I should like your opinion upon
this.

        "If it is incumbent upon the tax assessor and
collector to assess an additional tax for school pur-
poses immediately after the vote authorizing the raise
in rate, naturally it will take time to prepare the
supplemental rolls.  In the meantime, many taxpayers
will have paid their taxes for the current taxable
year, and the usual tax receipt shows payment in full.

        "Under these circumstances, could the tax col-
lector collect the additional tax for the current
year based upon the raise authorized by the above
act of the Legislature?  Would the taxpayer have any
recourse, should he decide an additional tax for the
current year was unfair, in that he had theretofore

paid what he thought was all his tax bill for the
current year?

"In the event this additional tax can be
assessed and collected for the current taxable year,
who will furnish the forms and receipts usually
sent to the tax collector by the State?

"You can readily see the extent of the confus-
ion which would result from trying to assess and col-
lect an additional tax, even though the bill became
effective June 4, and elections have been held in
some school districts authorizing the raise in rate
for the current year. However, I can find very little
law to substantiate this idea, so we shall be grate-
ful for your answer to these questions at your ear-
liest convenience."

House Bill 800 is codified in Vernon's Annotated Civil Statutes
as Article 2784e. We here quote the portion of House Bill 800 pertinent to
this inquiry as follows:

"The commissioners' court for the common school
districts in its county, and the district school
trustees for the independent school districts incor-
porated for school purposes only, shall have power
to levy and cause to be collected, the annual taxes
and to issue the bonds herein authorized, subject to
the following provisions:

"1. In common school districts, for the furth-
er maintenance of public free schools and the erection
and equipment of school buildings therein, a special
tax; and in independent districts for the maintenance
of schools therein, an ad valorem tax not to exceed
$1.50 on the $100 valuation of taxable property of the
district.

"2. In common school and independent districts,
for the purchase, construction, repair or equipment
of public free school buildings within the limits of
such districts and the purchase of the necessary sites
therefor, a tax not to exceed 50¢ on the $100 valua-
tion, such tax to be for the payment of the current
interest on and provide a sinking fund sufficient to
pay the principal of bonds which said districts are
empowered to issue for such purposes.

"3. The amount of maintenance tax, together with
the amount of bond tax of any district, shall never ex-
ceed $1.50 on the $100 valuation of taxable property;
and if the rate of bond tax, together with the rate of

maintenance tax voted in the district shall at any time exceed $1.50 on the $100 valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and $1.50.

"4. No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property taxpaying qualified voters of such district shall be entitled to vote."

The former law (Article 2784, Revised Statutes) was in substantially the same language except that the tax ceiling in Sections 1 and 3 respectively was set at $1.00 instead of $1.50.

It will be noted that the law gives the power of levying the tax to the commissioners' court or the school trustees respectively and that the vote of the people referred to in Section 4 merely authorizes the levy, but is not the levy itself.

The Commission of Appeals held in Yorktown Independent School District v. Afflerbach, 12 S.W. (2d) 130, opinion by Judge Speer, that a vote of the people authorizing the tax levy in question was not effective to impose a tax until the school board actually ordered the levy of the tax.

See also Geffert v. Yorktown Independent School District, 290 S.W. 1083, by the Commission of Appeals, wherein Judge Speer held that where no valid levy order was made by the school board, the tax could not be enforced.

It would be the duty of the assessor-collector therefore to assess property in common school districts in accordance with the order of the commissioners' court levying the tax; and in any independent school districts for which he is required to render service, he should adhere to the rate set forth in the levy by the board of trustees of the district. Since the assessor-collector of your county has already prepared his tax rolls, we assume that the commissioners' court and the boards of any independent school districts involved have made their annual levies for this year and so certified to the assessor-collector. If this be true, no additional tax may be levied.

In Oliver v. Carsner, 39 Tex. 396, the school board levied a tax of one-half of one percent. This board was removed from office and a new board during the same year levied the legal maximum of one percent. The Supreme Court, speaking through Judge Walker, said:

We think the first levy was legal, but that
the second board of directors had no such power as
would enable them to set aside the former levy,
under which the tax ought to have been collected.
The Legislature vested in the school directors a
discretionary power to levy such tax as in their
judgment the public necessities required. This dis-
cretion when once exercised in fixing the amount
of tax to be levied for any one year was exhausted,
and the second board of directors could not revise
and set aside the discretionary action of the former
board."

Accordingly, since the governmental agencies in question are
without power to levy an additional tax this year, it is not necessary to
answer your remaining questions.

As previously stated, we are assuming for the purposes of this
opinion that valid levies have been made by all governmental agencies invol-
ved prior to preparation of the tax rolls. We call your attention to the
fact, however, that if a levy has not been made for this year, the question
of a double levy would not be involved. The commissioners' court for the
common school districts, or the school board in an independent school dis-
trict, could in such case make an original levy for the increased rate auth-
orized by statute and a vote of the people.

In the case of Cadena v. State, 185 S.W. 367, error refused,
Judge Fly stated:

"All property owned on the first day of January is
subject to any tax authorized by law, whether such taxes
have been authorized theretofore or may be authorized
during the year, and can be levied by the body given the
power to levy at any time during the year. Laws naming
the time for the levy of taxes are merely directory, and
legal taxes can be levied whenever the necessity arises.

To the same effect, see Pyote Independent School District v.
Dyer, 34 S.W. (2d) 578 (Commission of Appeals), and Blewett v. Richardson
Independent School District, 240 S.W. 529 (Commission of Appeals).

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ J. Arthur Sandlin

J. Arthur Sandlin
Assistant

JAS:db:egw

APPROVED OCT 28, 1945
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By B W B
Chairman